IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE CO.<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SCHOENTHAL FAMILY, LLC and LIBERTY ONE FUNDING TRUST<br><br>　　　　　　Defendant. | 1:06-cv-0695-WSD |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff American General Insurance Company's ("AGI") Motion to Amend Complaint [102], Defendants Schoenthal Family, LLC ("Schoenthal Family") and Liberty One Funding Trust ("Funding Trust") (collectively, "Defendants") Motion for Leave to File Sur-Reply in opposition to Motion to Amend [129], and Movant Swiss Re Life & Health America's ("Swiss Re") Motion for Protective Order and to Quash Subpoena [105]. Also before the Court is Defendants' Motion for Leave to File Sur-Reply in Opposition to Plaintiffs' Motion to for Leave to Amend [129].[1]

---

[1] Defendants' Motion for Leave to File Sur-Reply in Opposition to Plaintiffs' Motion to for Leave to Amend [129] is **DENIED**. Local Rule 7.1 does not provide for the filing of sur-reply briefs, and sur-replies are not permitted

## I.     BACKGROUND

The litigation concerns a $7 million insurance policy (the "Schoenthal Policy") issued in 2004 by AGI, insuring the life of Samuel Schoenthal ("Schoenthal").  On July 14, 2005, Schoenthal died.  On August 2, 2005, Defendant Liberty One Funding Trust, assignee of the benefits of the policy on Schoenthal's life, filed a claim for the Schoenthal Policy amount.  AGI denied the claim, alleging that Schoenthal had misrepresented his income and net worth on the policy application and in a telephone interview.[2]  On March 24, 2006, AGI filed a complaint seeking a declaratory judgment that the Policy is void.  Defendants have counterclaimed for breach of contract and bad-faith claim denial.

On June 8, 2006, the Court entered a scheduling order in this case.  That Order set the time limit for amending pleadings.  The parties agree that the Court-

---

without the Court's express permission upon a showing of good cause.  Defendants have not shown good cause to file a sur-reply.

[2]  AGI alleges that Schoenthal claimed a net worth of more than $10 million and an income of more than $150,000 per year.  Schoenthal in fact had a net worth of less than $200,000 and an insignificant income.  The parties appear to agree that various financial information provided to Plaintiff about Schoenthal's income and net worth was grossly misrepresented.

ordered deadline for amending pleadings expired well before June 25, 2007, the date on which AGI filed the present motion to amend.

On May 23, 2007, AGI deposed Edward Truitt ("Truitt"), who testified as a Rule 30(b)(6) representative for Defendants. AGI claims that Truitt's testimony revealed for the first time that non-parties Horizon Trade & Finance ("HTF") and Credit Suisse have substantial financial interests in and direct control over this litigation. AGI alleges that the Schoenthal Policy was one example of a viatical-type scheme in which HTF and Credit Suisse, acting through a web of trust entities (the "Liberty Trusts"), procure and insure life insurance policies and annuities for very elderly individuals. AGI alleges that the scheme essentially amounts to a wager on the life span of the subject, with the payment of the life insurance premium upon the subject's death resulting in a substantial profit for HTF and Credit Suisse.

AGI particularly alleges that, while it knew that the Schoenthal Policy was being purchased by a trust structure as early as 2004, that Credit Suisse was providing financing, and that Credit Suisse and HTF were listed in the Certificate of Interested Persons by the Defendants currently in this case, the scope of HTF

and Credit Suisse's interest in and control over the litigation and the Schoenthal Policy only became known at Truitt's deposition.

AGI also alleges that HTF and Credit Suisse have either purchased or required Wells Fargo (acting as administrator for the Liberty Trusts) to purchase several insurance policies related to payment of the claim on the Schoenthal Policy. As a condition of these policies, the Liberty One Funding Trust is required to resist any denial of benefits under the Schoenthal policy. AGI seeks leave to file an amended complaint adding HTF and Credit Suisse as parties.

Also at issue in this Order is a Subpoena and Deposition notice issued by Defendants to non-party Swiss Re Life & Health America ("Swiss Re"). The deposition notice requires Swiss Re to produce a Rule 30(b)(6) witness to testify on a variety of subjects related to Swiss Re's underwriting guidelines, relationship to AGI, and relationship to the Schoenthal Policy. Swiss Re seeks a protective order, alleging generally that the subpoena is overly burdensome and inappropriate.

**II.   DISCUSSION**

    A.   <u>Motion to Amend Complaint</u>

To evaluate AGI's motion to amend, the Court must first consider whether it satisfies Rule 16(b) of the Federal Rules of Civil Procedure. <u>Datastrip Intern. Ltd. v. Intacta Technologies</u>, 253 F. Supp. 2d 1308, 1317 (N. D. Ga. 2003) ("Courts . . . must apply the good cause rubric of Rule 16 before considering whether amendments are proper under Rule 15 or Rule 21."). Rule 16(b) requires the Court to enter a scheduling order in its cases, which limits the time "to join other parties and to amend the pleadings." Fed. R. Civ. P. 16(b)(1). "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . . ." <u>Id.</u> The good cause standard for modification of a scheduling order "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." <u>Sosa v. Airprint Sys., Inc.</u>, 133 F.3d 1417, 1418 (11th Cir. 1998) (quotation and citation omitted). In cases where a plaintiff seeks leave to amend the complaint outside of deadlines set in the scheduling order, the plaintiff must show "good cause" for the Court to modify its order and allow amendment. <u>Id.</u> at 1419; <u>Alexander v. AOL Time Warner, Inc.</u>, 132 F. App'x 267, 269 (11th

-5-

Cir. 2005) (affirming district court's denial of motion to amend filed seven weeks after deadline set in the scheduling order).

A party seeking to amend must also satisfy Federal Rule of Civil Procedure 15. Under Rule 15(a), a party may amend a pleading after a responsive pleading has been served "only by leave of the court . . . and leave shall be freely given when justice so requires." The standard for leave to amend a complaint is liberal, and "a justifying reason must be apparent for denial of a motion to amend." Moore v. Baker, 989 F.2d 1129, 1131 (11th Cir. 1993). Justifying reasons include "undue delay, bad faith, or dilatory motive on the part of the movant . . . ." Datastrip, 253 F.Supp. 2d at 1318.

AGI moves to amend its complaint to add HTF and Credit Suisse as defendants. AGI does not argue that HTF and Credit Suisse are indispensable or necessary defendants under Federal Rule of Civil Procedure 19. AGI moves to amend its complaint to join these parties as permissive defendants under Rule 20.[3]

---

[3] "[T]he central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." Alexander v. Fulton County, Ga. 207 F.3d 1303, 1323 (11th Cir. 2000). The Court finds that permitting the addition of HTF and Credit Suisse as permissive defendants at this late stage in the litigation would not promote trial convenience or expedite the resolution of the dispute in this case. Although joinder typically enhances efficiency by eliminating unnecessary lawsuits, joinder in this case will

AGI has not met the good cause standard of Rule 16(b).  The Truitt deposition revealed, at most, that HTF and Credit Suisse have a financial interest in the outcome of the litigation and exercise control over the Liberty Trusts.  This is no more than AGI knew or could have reasonably inferred from facts available to it through the exercise of due diligence before the deadline for amendments in the scheduling order expired.  It appears that AGI was aware that Credit Suisse was involved as a creditor in the Schoenthal Policy application as early as 2004, when it approved assignment of the Schoenthal Policy to the Liberty One Funding Trust.  Defendants claim, and AGI does not dispute, that AGI did not choose to investigate the ownership structure of the Liberty One Funding Trust at that time.  Defendants also listed HTF and Credit Suisse on the Certificate of Interested Persons in this case, giving clear notice of their financial interest.

AGI made a tactical decision not to sue HTF and Credit Suisse at the outset of this case or to add them as defendants within the time permitted by the

---

require reopening the long-closed discovery period and would amount in effect to initiating a new lawsuit, and one that is not necessary to resolving the underlying dispute.  HTF and Credit Suisse may be the "driving force" behind Defendants' actions, but it is undisputed that a declaratory judgment issued against the Defendants in this case would afford full and complete relief to AGI and would prevent HTF and Credit Suisse from pursuing a claim of benefits under the Schoenthal Policy.

scheduling order. AGI claims that it made this decision because it was unaware of HTF and Credit Suisse's level of interest in and control over the present litigation. The Truitt deposition provided additional information about these interests, but AGI has not shown that these interests are relevant to its claims for declaratory relief. At heart, this litigation involves only one issue: whether, despite misrepresentations made in the application for the Schoenthal Policy, AGI should pay benefits on a claim under that Policy. While HTF and Credit Suisse's involvement may provide context for the transaction at issue, AGI has not shown any compelling reason for the Court to modify its scheduling order at this late date to add these parties, whose involvement is not necessary for AGI to secure relief. It is undisputed that AGI can obtain full and effective relief regarding the Schoenthal Policy from the Defendants already named in this suit.

AGI argues that <u>Datastrip</u>, a patent infringement case, stands for the proposition that the discovery of new facts that would have justified permissive joinder if known at the time the suit was filed constitutes "good cause" to modify the scheduling order under Rule 16. AGI's reliance on <u>Datastrip</u> is misplaced. In <u>Datastrip</u>, a plaintiff sought to add as defendants two subsidiaries of an existing defendant out of concern that, if it prevailed at trial, the subsidiaries would not be

bound by an injunction against infringing the patent in suit. 253 F.Supp. 2d at 1317. The plaintiff argued that although it knew of the existence of the subsidiaries from the beginning of the litigation, it only later learned that the subsidiaries themselves were also infringing its patent. Id. The court held that Rule 16 did not apply, but suggested that if Rule 16 did apply, the plaintiff would have shown good cause. Id.

Datastrip was decided on facts fundamentally different from those at bar, and does not apply in this case. In this case, HTF and Credit Suisse are not also making claims for benefits under the Schoenthal Policy. It is not necessary to join HTF or Credit Suisse as defendants to ensure effective injunctive relief for AGI. It is undisputed that the Schoenthal Family LLC and the Liberty One Funding Trust are the only entities contractually entitled to make claims on the Schoenthal Policy, and are the only entities in contractual privity with AGI regarding the Schoenthal Policy. AGI does not suggest that HTF's status as a beneficiary to the Liberty Trusts or Credit Suisse's status as a secured creditor entitles those entities to claim benefits under the Schoenthal Policy.[4] An injunction entered against Defendants

---

[4] HTF and Credit Suisse's inability to act with respect to the Schoenthal Policy, except through the Defendants in this case, is essentially admitted in AGI's reply brief. AGI discusses a CNA Insurance Policy that requires the Liberty One

would prevent, or perhaps preclude, any further attempts to file claims on the Schoenthal Policy motivated by HTF or Credit Suisse.

B.      Motion for Protective Order

Defendants seek to depose Swiss Re under Federal Rule of Civil Procedure 30(b)(6). Swiss Re seeks a protective order, asking the Court to quash the subpoena on three grounds: (1) the subpoena would require the 30(b)(6) witness to travel more than 100 miles; (2) the deposition notice seeks irrelevant and duplicative testimony; and (3) the notice is designed to obtain expert opinion rather than fact testimony from Swiss Re.

1.      *100 Miles*

Federal Rule of Civil Procedure 45(c)(3)(A)(ii) requires the Court to quash or modify the subpoena if it "requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person." Swiss Re is

---

Funding Trust to contest any denial of claim benefits under the Schoenthal Policy. Although AGI seeks to show the existence of this policy as evidence of Credit Suisse's control of the litigation, it admits that the policy "requires *Liberty One . . .* to contest American General's claim denial." (Pls. Reply at 7) (emphasis added). AGI thereby implicitly acknowledges that Credit Suisse and HTF must act through the Liberty One Funding Trust, which is a defendant in this case.

headquartered in Armonk, New York, and its employees presumably reside and transact business in that area. The subpoena directs Swiss Re to make a Rule 30(b)(6) deponent available in Atlanta, which is considerably more than 100 miles from Armonk, New York. In response to Swiss Re's motion to quash, Defendants have agreed to conduct the deposition in New York. This resolves the distance objection.

### 2. *Irrelevant or Duplicative Information*

Swiss Re next objects that the notice of deposition seeks irrelevant or duplicative information, and asks the Court to quash or modify the subpoena to protect it from "undue burden or expense." The deposition notice in this case lists the following categories of testimony:

1. The Swiss Re financial underwriting standards in place during 2004 . . . including interpretation and application thereof and underwriting practices and procedures thereunder.

2. Swiss Re's financial obligations under the [Schoenthal policy].

3. Communications between [AGI] and Swiss Re concerning the Samuel Schoenthal life insurance claim.

4. Agreements between Swiss Re and American General in place or effective during 2004 concerning life insurance underwriting practices, including the standards, regulations, forms, policies, procedures, and requirements applicable to the underwriting of [AGI] life insurance policies to be reinsured by Swiss Re.

5. Documents produced by Swiss Re in this case and the search for responsive documents.

Swiss Re argues that it produced a "significant volume" of written discovery on its underwriting guidelines, its relationship to the Schoenthal policy, and its relationship to AGI. Swiss Re argues that the deposition notice topics require testimony on the same subject matter about which Swiss Re has produced written discovery, and that it should not be required to bear the burden of providing the same information in two different formats. This written discovery, which the Court compelled Swiss Re to produce, included documents concerning Swiss Re's underwriting practices and guidelines, its relationship to the Schoenthal policy, and its relationship to AGI.

Defendants respond that the documents produced by Swiss Re, while relevant, "do not testify themselves and cannot tell the whole story." Defendants

allege, for example, that the reinsurance treaty between Swiss Re and AGI produced by Swiss Re differs substantially from the purportedly same treaty produced by AGI. Defendants also note that while Swiss Re stated in an affidavit that it did not participate in underwriting the Schoenthal application, the documents it produced indicated that it may have had some role in processing Schoenthal's application or policy.

The Federal Rules of Civil Procedure authorize discovery of any non-privileged matter "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). This liberal standard applies to discovery sought from non-parties under Rule 45. 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 2452 (2d ed. 1987). The Rules permit the Court to relieve a party from discovery requests if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

Swiss Re has not persuaded the Court it should be relieved of the duty to produce a Rule 30(b)(6) deponent.  The fact Swiss Re has provided some documentary evidence does not extinguish Defendants' right to seek relevant discovery.[5]  Defendants are, for example, entitled to test, supplement, and seek an explanation for discrepancies in Swiss Re's documentary production, and to inquire into Swiss Re's practices and procedures.  The issues Defendants seek to pursue in this deposition are relevant or likely to lead to the discovery of admissible evidence for central issues in this case, and Swiss Re has not shown that producing a deponent in Armonk, New York will impose an undue burden.

      C.    *Expert Testimony*

Swiss Re last argues that the deposition notice asks it to produce a witness to act as an "expert."  Swiss Re particularly objects to deposition subject No. 1, which it contends will require a witness to offer expert opinion testimony on AGI's interpretation and application of Swiss Re's underwriting guidelines.

---

[5] The categories listed in the deposition notice are relevant at least to Defendants' counterclaim that AGI denied the claim on the Schoenthal Policy in bad faith.

Defendants may not seek to elicit testimony on the general issue of how AGI interprets or applies underwriting guidelines, because such questions require the deponent to answer from his general experience in the industry rather than his specific factual knowledge an employee of Swiss Re.  Defendants may, however, ask how AGI used Swiss Re underwriting guidelines to evaluate the application for the Schoenthal Policy, to the extent that AGI used Swiss Re underwriting guidelines and Swiss Re is aware of how AGI applied those guidelines. Defendants may also inquire as to Swiss Re's relationship and communication with AGI as pertaining to the Schoenthal Policy or Swiss Re's underwriting guidelines.

### III.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to Amend [102] is **DENIED**.

**IT IS FURTHER ORDERED** that Swiss Re's Motion for Protective Order or to Quash Subpoena [105] is **GRANTED** provided that the subpoena and deposition notice are **MODIFIED** to the extent that the deposition shall be conducted in Armonk, New York.  The parties shall file with the Court a notice

setting a date for this deposition.  The deposition shall be conducted on or before Friday, November 30, 2007.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File Sur-Reply in Opposition to Plaintiffs' Motion to for Leave to Amend [129] is **DENIED**.

**SO ORDERED** this 14th day of November, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE